UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT S., <br><br>             Petitioner, <br><br> v. <br><br> KILOLO KIJAKAZI, *in her official capacity as the Commissioner of the Social Security Administration*, <br><br>             Respondent. | Case No. 22-cv-2006-MMA (WVG) <br><br> **ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(a)** <br><br> [Doc. No. 2] |

On December 16, 2022, Petitioner Garrett S. ("Petitioner"), proceeding through counsel, filed this mandamus action pursuant to 28 U.S.C. § 1361 and California Code of Civil Procedure § 1085(a), challenging the delay in processing his hearing request related to the denial of his application for supplemental security income and social security disability insurance. Doc. No. 1 ("Petition"). Petitioner simultaneously filed the instant motion to proceed in forma pauperis ("IFP"). Doc. No. 2.

**I. D**ISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's or petitioner's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the petitioner's affidavit must allege poverty with some particularity.  *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a petitioner leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in an inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the petitioner is destitute.  *Id.*

      Here, Petitioner's affidavit states that he has a special needs trust fund.  *See* Doc. No. 2 at 2, 5.  However, Petitioner's affidavit also shows that his average monthly income amount during the past twelve months is $120.00 per month.  *Id.* at 1–2. Petitioner has $429.00 in his checking account and $524.00 in his savings account.  *Id.* at 2.  Petitioner does not own a home or motor vehicle.  *Id.* at 3.  Petitioner's expenses total $2985.00 per month, including $960.00 per month in rent and $400.00 per month in medical and dental expenses.  *Id.* at 4–5.

      The Court concludes that Petitioner adequately has demonstrated that paying the $400 filing fee would result in his inability to afford the necessities of life.  Accordingly, the Court **GRANTS** Petitioner's IFP Motion.

      Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing *Barren*, 152 F.3d at

1194) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

Petitioner's allegations with respect to his request for mandamus relief are sufficient for the purposes of *sua sponte* screening under § 1915(e)(2)(B). The Court's *sua sponte* examination of Petitioner's mandamus claim on screening under section 1915(e)(2) does not prevent the bringing of any motion authorized under Rule 12 of the Federal Rules of Civil Procedure. *Cf. Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Based on the foregoing, the Court hereby **ORDERS** as follows:

1. The United States Marshall shall serve a copy of the Petition filed on December 16, 2022, *see* Doc. No. 1, and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

2. Respondent shall reply to the Petition within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

3. Petitioner shall serve upon Respondent or, if appearance has been entered by counsel, upon Respondent's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Petitioner shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Respondent or Respondent's counsel and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED**.

Dated: March 10, 2023

HON. MICHAEL M. ANELLO
United States District Judge